

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# USA v. Bryan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Bryan" (2007). *2007 Decisions*. Paper 1489.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1489

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3571

UNITED STATES OF AMERICA

v.

KEVIN BRYAN,

Appellant

Appeal from the District Court
of the Virgin Islands, Division of St. Thomas and St. John
(05-cr-00094)
District Court: Hon. Curtis V. Gómez

Submitted pursuant to Third Circuit LAR 34.1(a)
December 8, 2006

Before: McKEE, BARRY and STAPLETON, *Circuit Judges*

(Opinion filed: March 13, 2007)

OPINION

McKEE, *Circuit Judge*.

Kevin Bryan appeals the sentence that was imposed after he pled guilty to illegally

reentering the United States after being deported. For the reasons that follow, we will

affirm the district court's sentence.

**I.**

Kevin Bryan was charged in a one count indictment with unlawfully reentering

the United States after having been deported in violation of 8 U.S.C. §§ 1326(a) and

(b)(2).  He pled guilty and was thereafter sentenced to thirty months imprisonment followed by three years of supervised release, and ordered to pay a special assessment of $100.

Bryan concedes that the district court's Guideline computations were correct and that the court determined the correct offense level and criminal history category.  Prior to sentencing, Bryan submitted a motion in which he argued that he should receive: (1) a four-level departure under U.S.S.G. § 5K3.1 to avoid improper sentencing disparity with persons sentenced under fast-track programs; (2) a downward departure for cultural assimilation; and (3) an additional point under U.S.S.G. § 3E1.1(b) for extraordinary acceptance of responsibility.

Bryan now challenges the district court's failure to exercise its discretion under the Guidelines as he requested.

**A.**

Bryan argues that he should have received a reduced sentence pursuant to 18 U.S.C. §3553(a)(6) to address the sentencing disparity that results when lower sentences are imposed under the fast-track programs established in certain jurisdictions.[1]  This

---

[1] "Fast-tracking" is a procedure that originated in states along the Mexican border, where district courts experience high caseloads as a result of immigration violations. *United States v. Perez-Pena*, 453 F.3d 236, 238 (4th Cir. 2006).  In an effort to preserve resources and increase prosecutions, prosecutors in those jurisdictions often try to obtain pre-indictment pleas by offering defendants lower sentences through charge-bargaining or through motions for downward departure.  *Id*.

2

Court recently joined the majority of our sister circuits in rejecting the argument by non-fast-track defendants such as Bryan, "that any disparity created by fast-track programs is unwarranted . . . ." *United States v. Vargas,* No. 06-1368, slip op. at 8 (3d Cir. Feb. 16, 2007).[2] Congress specifically authorized the disparity Bryan complains of when it enacted the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act, Pub. L. No. 108-21, § 401, 117 Stat. 650, 670 (2003) (codified at 18 U.S.C. § 3742(e)(3)(B)) (the "PROTECT Act"). We concluded in *Vargas* that any sentencing disparity authorized through an act of Congress could not be considered "unwarranted" under § 3553(a)(6). *Vargas,* slip op. at 11. Thus, the district court's refusal to adjust Bryan's sentence to compensate for the absence of a fast-track program did not make his sentence unreasonable. *See id.* at 10-11.

Bryan also argues that our decision in *United States v. Parker*, 462 F.3d 273 (3d Cir. 2006) supports his position. However our discussion in *Parker* did not address the

---

[2] *See, e.g., United States v. Mejia*, 461 F.3d 158, 163 (2d Cir. 2006); *United States v. Perez-Pena*, 453 F.3d 236, 243 (4th Cir. 2006); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006) *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006); *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006) *United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006); *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006); *United States v. Castro*, 455 F.3d 1249, 1252 (11th Cir. 2006); *see also United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006) (not addressing disparity issue directly, but finding "[w]hether it would even be permissible to give a lower sentence on the ground [of a fast-track disparity] is itself an open question" because such a disparity is the result of a "congressional choice made for prudential reasons") (citation omitted).

3

kind of disparity Bryan is complaining of. Rather, that case addressed sentencing disparity between co-defendants in the same case. Moreover, in explaining the sentencing court's rejection of Parker's argument, we stated: "[a]lthough § 3553(a) *does not require district courts to consider sentencing disparity* among co-defendants, it also does not prohibit them from doing so." 462 F.3d at 277 (emphasis added).

**B.**

Some courts of appeals have concluded that cultural assimilation may constitute a proper basis for granting a downward departure in prosecutions for violating 8 U.S.C. § 1326 when persons who have come to the United States as young children illegally return following deportation because they have been so thoroughly acculturated into this society and culture. *See, e.g., United States v. Rivas-Gonzalez*, 384 F.3d 1034, 1044 (9th Cir. 2004). We agree that in the appropriate case and under appropriate circumstances, "cultural assimilation" may provide a basis for a departure. However, a departure for cultural assimilation, like a departure for family ties, may only be granted "in extraordinary circumstances." *Id.* at 1045; *see also United States v. Bautista*, 258 F.3d 602, 607 (7th Cir. 2001) (concluding that a downward departure on the grounds of cultural assimilation "would be akin to one based on 'family ties'-a discouraged factor that is grounds for departure only in extraordinary circumstances.").

The district court understood that the Guidelines were only advisory and appreciated that it could depart downward within the confines of § 3553(a). The court's

refusal to do so was a lawful exercise of its discretion which we lack jurisdiction to review. *See United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989) ("To the extent this appeal attacks the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines, it will be dismissed for lack of appellate jurisdiction."); *see also United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006).

## II.

Bryan also contends that he was denied the equal protection of the law because the government did not move to reduce his offense level by one additional level under U.S.S.G. § 3E1.1(b) for extraordinary acceptance of responsibility. He argues that the district court should therefore have exercised its discretion to grant the one point reduction *sua sponte*.

Bryan conceded at sentencing that an adjustment under U.S.S.G. § 3E1.1(b) "may only be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1(b), cmt. n.6. Without accepting the merit of Bryan's contention that the court can exercise its discretion in a manner that circumvents the requirement for the government's consent, we note that the record establishes that the district court did inquire into the government's reasons for concluding that Bryan's cooperation did not justify "cutting a break" for extraordinary acceptance of responsibility. The court accepted the government's explanation for not moving for an additional point and chose not to make any additional downward adjustments pursuant to § 3553.

5

**III.**

The record establishes that the district court properly considered the sentencing factors set forth in § 3553(a) in deciding upon a reasonable sentence for Bryan. Bryan has failed to show that the resulting sentence was unreasonable or based on an unconstitutional motive. For the foregoing reasons, we will affirm the judgment of sentence.