**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 24, 2007**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARMANDO BARAJAS-GARCIA,
also known as Armando Garcia
Barajas, also known as Martin Nunez,

    Defendant-Appellant.

No. 06-1391
(D.Ct. No. 06-cr-00143-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Appellant Armando Barajas-Garcia pled guilty to one count of illegal reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2).  He now appeals his sentence, arguing: 1) it is unreasonable when viewed under the 18 U.S.C. § 3553(a) sentencing factors, and 2) a downward departure is warranted under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  He premises both arguments on mitigating circumstances involving the neglect of his son by his son's biological mother, which Mr. Barajas-Garcia contends compelled his illegal return to the United States.  In addition, for the purpose of preserving the issue for further appeal, Mr. Barajas-Garcia challenges this court's decision in *United States v. Martinez-Trujillo*, 468 F.3d 1266 (10th Cir. 2006), which holds a sentence is not rendered unreasonable if a sentencing court does not consider disparities between defendants sentenced in fast-track and non-fast-track programs.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Barajas-Garcia's conviction and sentence.

## I.  Procedural Background

After Mr. Barajas-Garcia pled guilty, the probation officer prepared a presentence report calculating his sentence under the applicable Guidelines.  The probation officer set his base offense level at eight pursuant to U.S.S.G. § 2L1.2(a), increased his base level sixteen levels pursuant to U.S.S.G.

-2-

§ 2L1.2(b)(1)(A) because he possessed a prior felony conviction for aggravated assault, and reduced his offense level by three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of twenty-one. The presentence report also set Mr. Barajas-Garcia's criminal history category at IV, which, together with an offense level of twenty-one, resulted in a recommended Guidelines sentencing range of fifty-seven to seventy-one months imprisonment.

Mr. Barajas-Garcia filed a formal written objection to the presentence report, requesting a below-Guidelines sentence pursuant to 18 U.S.C. § 3553(a), based on the nature of the offense and his history and characteristics and the disparity of his sentence compared with those receiving shorter sentences in fast-track programs utilized in other district courts. With respect to the nature of his offense, Mr. Barajas-Garcia asserted he did not illegally reenter the country to commit future crimes, but due to safety concerns for his son, whose biological mother failed to adequately feed him, left him alone, and used drugs while he was in her care. He also claimed his criminal history was over-represented, explaining: 1) his prior assault conviction involved his ex-wife and was the only act of violence in his otherwise peaceful life; and 2) his large number of driving

under the influence (DUI) convictions[1] stemmed from drinking in response to his ex-wife's drug use and were all over ten years old, with the exception of one 2003 conviction, after which he completed a twenty-one-day alcohol treatment program.

At sentencing, Mr. Barajas-Garcia renewed the same objections and requested a below-Guidelines-range sentence based on the sentencing factors in § 3553(a). His counsel also explained that an additional family reason for his illegal return to the United States was to assist his common-law wife with her adult handicapped son. In opposition to Mr. Barajas-Garcia's request for a below-Guidelines sentence, the government explained his sentence was not out of the heartland of other cases, the government previously deported Mr. Barajas-Garcia on six other occasions, and Mr. Barajas-Garcia possessed a lengthy criminal history. It nevertheless requested a sentence at the bottom of the Guidelines range at fifty-seven months imprisonment.

After hearing and considering the parties' arguments, the district court first rejected Mr. Barajas-Garcia's fast-track sentencing claim, explaining it was precluded by law. It then addressed the § 3553(a) factors, recognizing that Mr.

---

[1] The uncontested presentence report factual findings show Mr. Barajas-Garcia was convicted of seven DUI-related offenses: in 1989, 1991, 1992 (two times), 1994 (two times), and 2003.

-4-

Barajas-Garcia's claim of illegal reentry due to his family hardship must be reviewed in light of § 3553(a), but also recognizing that most illegal reentries stem from a range of family considerations and severities, including family support, care for an elderly relative, illness of family members, and to be with a spouse. It then found nothing unusual or sufficiently uncommon with regard to Mr. Barajas-Garcia's family circumstance and that it did not "trump" the other § 3553(a) factors.

In addressing the other factors, the district court explained Mr. Barajas-Garcia's numerous illegal reentries into this country showed a strong motivation for him to commit illegal reentry in the future and therefore implicated the sentencing factor of deterrence from committing further criminal conduct. With respect to his criminal history, the district court noted Mr. Barajas-Garcia possessed two prior violent felonies and numerous DUI convictions; his habitual traffic offenses were significant given drunk drivers kill people; and his most recent DUI conviction, stemming from conduct occurring on August 8, 2003, suggested he retained a drinking problem although he might have taken steps to address it. With respect to recidivism concerns, the district court explained Mr. Barajas-Garcia's reentry into this country, together with his past criminal history, indicated the seriousness of his offense and his disrespect for the law. Based on its consideration of the factors in § 3553(a), the district court determined that a

sentence at the bottom of the Guidelines range was an appropriate sentence in Mr. Barajas-Garcia's case and sentenced him to fifty-seven months imprisonment.

II.  Discussion

A.  Unreasonableness of Sentence Based on
Family Circumstance

On appeal, Mr. Barajas-Garcia argues the Guidelines range imposed was unreasonable because the district court failed to "accord adequate weight to the fact that [Mr. Barajas-Garcia] reentered the country out of fear for his child's safety."  He contends his illegal return to this country out of concern for the physical safety of his child was "separate" from and "far above concerns for supporting a family," and therefore, the district court erroneously gave "minimal weight to this factor."  While Mr. Barajas-Garcia admits he previously framed his request for a below-Guidelines sentence as a variance under § 3553(a) based on the nature and circumstances of the offense, he suggests that on appeal we should apply the law used in pre-*Booker* downward departure cases for extraordinary family circumstances for the purpose of reducing his sentence.  In so doing, he relies on cases involving our pre-*Booker* consideration of U.S.S.G. § 5H1.6 relating to family ties and responsibilities.

We begin our discussion by clarifying that a sentence above or below the

recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a)[2] is called a "variance." *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007) (en banc request denied). Thus, on appeal, it is evident Mr. Barajas-Garcia is renewing his claim his sentence is unreasonable under the § 3553(a) factors warranting a variance for a below-Guidelines sentence and, for the first time on appeal, is suggesting we should also apply the law applicable to downward departures in providing for such a below-Guidelines sentence.

---

[2] 18 U.S.C. § 3553(a) provides, in part, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Regarding Mr. Barajas-Garcia's renewed claim his sentence is unreasonable under 18 U.S.C. § 3553(a), we review for reasonableness the sentence's length, as guided by the factors in § 3553(a). *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22, 2006) (No. 06-7990). These factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). We have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range. *See id.* at 1053-54. We require reasonableness in two respects – "the length of the sentence, as well as the method by which the sentence was calculated," the latter of which Mr. Barajas-Garcia does not contest. *Id.* at 1055 (emphasis omitted). If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *Id.* "This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.* at 1054. In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *Id.*

We have held "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1117 (quotation marks, alterations and citation omitted).

In this case, because the district court applied the relevant Guidelines range and sentenced Mr. Barajas-Garcia within that range, his sentence is presumptively reasonable and Mr. Barajas-Garcia must rebut this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). In attempting to rebut this presumption, Mr. Barajas-Garcia contends the district court failed to give appropriate weight to his compelling family circumstance. We disagree.

Mr. Barajas-Garcia's family circumstance, as part of his characteristics and history factor, is but one of the factors the district court considered, and it was not

required to single out or give more weight to that factor than any other factor. Instead, it is clear the district court considered the other § 3553(a) factors in conjunction with the dire family circumstance described by Mr. Barajas-Garcia. In so doing, the district court determined that the serious nature of his offense and his other characteristics and history, including his numerous illegal reentries, DUI convictions, traffic offenses in light of his alcohol problem, and two prior violent crime convictions, together with the sentencing factors of deterrence and respect for the law, outweighed Mr. Barajas-Garcia's family circumstance, warranting a sentence within the Guidelines range. Under these circumstances, we cannot say Mr. Barajas-Garcia has sufficiently rebutted the presumption his sentence is reasonable. In other words, he has not demonstrated his family circumstance, when viewed in light of the other § 3553(a) factors, is sufficiently compelling for the purpose of making his sentence unreasonable.

As to Mr. Barajas-Garcia's new request on appeal for a downward departure, we have long declined to rule on issues not raised in the district court when the defendant cannot show an impediment precluded his raising the issue or that the ground not raised constituted plain error resulting in manifest injustice. *See United States v. Orr,* 864 F.2d 1505, 1508 (10th Cir. 1988). Moreover, this court has determined 8 U.S.C. § 1326, regarding the criminal conduct of illegal reentry under which Mr. Barajas-Garcia was convicted, requires no specific

motive or intent, so that an alien's intent, motivation, or reasons for illegal entry into the country, including family ties and responsibilities, cannot serve as a basis for departure for the purpose of reducing a sentence. *See United States v. Hernandez-Baide*, 392 F.3d 1153, 1157-58 (10th Cir. 2004), *cert. granted on other terms*, 544 U.S. 1015 (2005), *reinstated on remand*, 146 Fed. Appx. 302 (10th Cir. Aug. 26, 2005). While the district court appropriately considered Mr. Barajas-Garcia's family circumstance under the § 3553(a) sentencing factors, his family circumstance serves no basis for a downward departure.

### B. Unreasonableness of Sentence in Conjunction With Fast-Track Sentencing Disparities

In support of his claim his sentence is unreasonable under 18 U.S.C. § 3553(a)(6), Mr. Barajas-Garcia contends this court erred in deciding *Martinez-Trujillo* with regard to fast-track sentencing disparities. *See* 468 F.3d at 1268. He raises his argument as a means of preserving the issue for future review on appeal.

In *Martinez-Trujillo*, we explained certain district courts employ a fast-track program in which defendants receive lower sentences in exchange for pleading guilty and waiving their right to file certain motions or appeal their sentences. *See* 468 F.3d at 1267. In that case, we addressed a defendant's

argument that because he was sentenced in a district that did not utilize a fast-track program, he experienced a sentencing disparity under 18 U.S.C. § 3553(a)(6) with defendants in fast-track systems receiving lesser sentences. *Id.* We concluded that because Congress permitted district courts to participate in such fast-track programs, but did not revise the terms of § 3553(a)(6) regarding sentencing disparities, Congress recognized sentencing disparities for some defendants would result from such programs, but that such sentences would not violate § 3553(a)(6). *Id.* at 1268-69 (relying on the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (codified in scattered sections of Titles 18 and 42 U.S.C.)). Because *Martinez-Trujillo* is controlling precedent in this circuit, we cannot overturn that decision absent en banc review or an intervening Supreme Court decision. *See Torres-Duenas*, 461 F.3d at 1183. Thus, we decline to entertain Mr. Barajas-Garcia's challenge to this court's decision in *Martinez-Trujillo* with regard to fast-track sentencing disparities or otherwise consider whether his sentence is unreasonable in light of that decision.

## III. Conclusion

For these reasons, we **AFFIRM** Mr. Barajas-Garcia's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge