**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUERRERO OCHOA-OLIVAS,

    Defendant - Appellant.

No. 17-2210
(D.C. No. 2:16-CR-03018-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

In May 2017, Defendant Guerrero Ochoa-Olivas, a citizen of Mexico, violated a condition of his unsupervised term of supervised release when he reentered the United States without legal authorization. After a sentencing hearing, the district court revoked Defendant's unsupervised term of supervised release and sentenced Defendant to twelve months of imprisonment. Defendant appeals this twelve-month revocation sentence, arguing the sentence is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In April 2016, U.S. Border Patrol agents encountered Defendant in Doña Ana County, New Mexico, with no legal authorization to be present in the U.S. Agents arrested him for illegal reentry in violation of 8 U.S.C. § 1326. Defendant pleaded guilty to this offense pursuant to a plea agreement. In October 2016, the district court sentenced Defendant to time served and a two-year unsupervised term of supervised release. Conditions of Defendant's release included that he "not commit another federal, state, or local crime" and that he "not reenter the United States without legal authorization." ROA Vol. I, 24, 26. Immigration authorities removed Defendant to Mexico shortly thereafter.

In May 2017, less than seven months after Defendant's removal, U.S. Border Patrol agents again encountered Defendant hiding in a bush in Doña Ana County, New Mexico, with no legal authorization. Agents again arrested him for illegal reentry. Defendant pleaded guilty to this new charge of illegal reentry pursuant to a plea agreement. After Defendant pleaded guilty, the U.S. Probation Office petitioned the district court to revoke Defendant's term of release imposed in his 2016 case because he violated the condition of release that he "not commit another federal, state, or local crime."

Prior to the hearing, the U.S. Probation Office prepared a presentence investigation report (PSR). The PSR reveals Defendant's recent convictions are not Defendant's only encounters with U.S. law enforcement. In 2007, Defendant was arrested for illegal reentry and false claim to citizenship. He received time served for

these crimes and was removed to Mexico. In January 2016, Defendant was arrested for illegal entry. He received ninety days of imprisonment and was removed in April 2016—nine days before authorities arrested him in the U.S. again for illegal reentry in his aforementioned 2016 case. All told, Defendant has been convicted for illegal reentry three times, convicted for illegal entry one time, and removed from the U.S. four times. The PSR additionally shows Defendant has a prior conviction in Cook County, Illinois, for possession of between fifteen and one hundred grams of cocaine.

In light of Defendant's criminal history and instant violation, the parties agreed the U.S. Sentencing Commission's relevant policy statement suggested a range of imprisonment of twelve to eighteen months upon revocation of Defendant's unsupervised term of supervised release.[1] *See* U.S. Sentencing Guidelines Manual § 7B1.4(a) (U.S. Sentencing Comm'n 2016). Defendant filed a motion for a downward departure, arguing he was coerced to enter the U.S. without authorization. Defendant explained he initially wished to return to the U.S. to help his wife, a U.S. citizen, recover from an automobile accident. After paying a smuggler $1500 to bring him to the U.S., Defendant alleges he changed his mind and wanted to stay in Mexico. In response to Defendant's change of heart, the smuggler allegedly held Defendant at gun-point and threatened to kill him if he did not cross the border. While Defendant

---

[1] The U.S. Sentencing Commission issues policy statements, rather than guidelines, regarding terms of imprisonment upon revocations of supervised release. U.S. Sentencing Guidelines Manual Ch. 7, Pt. A (U.S. Sentencing Comm'n 2016).

did not assert duress as an affirmative defense to criminal liability, he argued these facts satisfied "the broader definition of duress" for sentencing purposes.

The district court held a sentencing hearing regarding Defendant's 2017 illegal reentry conviction and the revocation of his term of release in his 2016 case. For the illegal reentry conviction, the district court sentenced Defendant to eighteen months of imprisonment and a two-year unsupervised term of supervised release. Defendant does not challenge this eighteen-month sentence. For the revocation of his prior term of release, the district court noted that, given Defendant's violation and his criminal history, his revocation range was twelve to eighteen months of imprisonment. The court "[took] into account the mitigating circumstances that Defendant's counsel raised" but did not depart downward from the revocation range. ROA Vol. V, 19. Instead, the court concluded the lower end of the range was appropriate and sentenced Defendant to twelve months of imprisonment—six months to run concurrently to the eighteen-month sentence and six months to run consecutively. Defendant timely appealed this revocation sentence.

## II.

Defendant's sole challenge on appeal is to the substantive reasonableness of his twelve-month revocation sentence. "We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). In determining the substantive reasonableness of a sentence, we look to "the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v.*

4

*Reyes-Alfonso*, 653 F.3d 1137, 1145 (10th Cir. 2011)). If such considerations indicate the sentence "exceed[s] the bounds of permissible choice," the sentence is substantively unreasonable. *Id.* (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)). Sentences within the range suggested by the U.S. Sentencing Commission's policy statements are presumptively reasonable, and a defendant bears the burden of rebutting this presumption "in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)."[2] *United States v. McBride*, 633 F.3d 1229, 1232–33 (10th Cir. 2011) (citing *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006)).

In this case, the district court sentenced Defendant within the range suggested by the Commission. Thus, Defendant's twelve-month sentence is presumptively reasonable, and Defendant bears the burden of rebutting this presumption in light of the § 3553(a) factors. Defendant argues his sentence is unreasonable and greater than necessary to achieve sentencing goals because his violation resulted from coercive circumstances. Defendant argues this coercion eliminates the need for deterrence, presumably because there is no voluntary action to deter. We disagree. Even if Defendant was coerced to reenter the U.S., Defendant voluntarily paid a smuggler $1500 to bring him to the U.S. and went to the border. Furthermore, after crossing the

---

[2] The relevant § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need to provide adequate deterrence; the need to protect the public; the need to provide the defendant with training, medical care, or other treatment; the relevant sentencing range; any pertinent policy statements; "the need to avoid unwarranted sentence disparities among" similarly situated defendants; and "the need to provide restitution to any victims." 18 U.S.C. § 3553(a); *see id.* § 3583(e).

5

border, Defendant did not turn himself into authorities or turn around once he crossed the border. Instead, he showed an attempt to evade authorities by hiding in a bush in Camino Real Landfill, which is approximately two miles north of the border.

Defendant voluntarily took these actions despite his prior convictions, his four prior removals, and multiple warnings not to come back to the U.S. without legal authorization. The district court recounted that in sentencing Defendant in 2016, the court told Defendant, "[D]o not come back. You will not be authorized to come back." ROA Vol. V, 8. The district court continued:

> I gave him a time-served sentence, and then as an additional incentive, I imposed an unsupervised term of supervised release. So I gave him the minimum sentence I could, and I said, don't come back, and here's an additional reason not to come back, because you're under an unsupervised term of supervised release.

*Id.* Despite the district court's efforts to deter Defendant's reentry, Defendant voluntarily took the aforementioned actions that resulted in the revocation of his unsupervised term of supervised release. The need to specifically deter Defendant from entering the U.S. without legal authorization remains.

Defendant notes three other facts in passing. To the extent Defendant argues these facts rebut the presumption of reasonableness attached to his sentence or establish his sentence is greater than necessary, we disagree. First, Defendant notes his initial reason for reentering the U.S. was a desire to be with his wife while she recovered from an automobile accident. This desire is understandable but simply does not explain why, in light of the § 3553(a) factors, his sentence is unreasonable. Second, Defendant notes none of Defendant's prior convictions are for violent offenses, so

6

there is no need to protect the public from Defendant. Protection of the public, however, is only one of many § 3553(a) factors the district court must consider. The district court was not required to afford this factor more weight than other factors, specifically Defendant's criminal history or the need to deter Defendant from future illegal reentries. *See United States v. Barajas-Garcia*, 229 F. App'x 737, 741 (10th Cir. 2007) (unpublished). Third, Defendant notes he is certain to be removed to Mexico after serving his sentences. But the PSR shows Defendant has been removed *four times* already and continues to reenter the U.S. without legal authorization. Because removal clearly has no deterrent effect on Defendant, Defendant's inevitable removal has little-to-no bearing on the reasonableness of his sentence here.

Especially in light of Defendant's criminal history and the need for deterrence, the district court certainly did not "exceed the bounds of permissible choice" by sentencing Defendant to twelve months of imprisonment. Defendant has not rebutted the presumption of reasonableness attached to his twelve-month revocation sentence or established the sentence was greater than necessary to achieve sentencing goals. We therefore AFFIRM.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7