**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Keith Terry ALDEN, Defendant—
Appellant.**

Nos. 02–10356, 02–10673, 02–10674.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Submission Vacated Feb. 10, 2005.

Resubmitted July 22, 2005.

Decided July 27, 2005.

Amber S. Rosen, Esq., USSJ—Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, Keith Alden, USPL—U.S. Penitentiary, Lompoc, CA, for Defendant–Appellant.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

Keith Alden, a medicinal user of marijuana, appeals his convictions under the Controlled Substances Act ("CSA") of two counts of manufacturing a controlled substance (marijuana) in violation of 21 U.S.C. § 841, and one count of maintaining a place for the manufacture of a controlled substance (marijuana) in violation of 21 U.S.C. § 856. We affirm and remand the sentence.

Alden began using medicinal marijuana at the recommendation of his physician, who believed that the drug would help control Alden's mood disorders. In the fall of 2000, Alden began cultivating marijuana both for his own needs and for distribution to local cannabis clubs. On May 9, 2001, federal agents executed a search warrant on Alden's property and observed more that 1,000 marijuana plants in various stages of growth and harvest. He was later convicted of cultivation of marijuana and sentenced to a five-year term of probation.

A mere two weeks after judgment was entered, Alden was again discovered growing marijuana plants on his property. He was again charged, tried, and convicted, and was sentenced to 44 months' imprisonment for this second conviction, as well as an additional 12 months' imprisonment for violating the terms of his probation for the first offense. He appeals his convictions and sentence.

■ Alden challenges his convictions on four grounds. First, he argues that the district court lacked jurisdiction over both of his trials because the CSA, as applied to him, exceeds Congress' power under the Commerce Clause. The Supreme Court's recent decision in *Gonzales v. Raich,* —— U.S. ——, 125 S.Ct. 2195, —— L.Ed.2d —— (2005), however, forecloses this argument. *See id.* at 2207–09 (holding that Congress' regulation of marijuana production for intrastate, medical purposes "is squarely within [its] Commerce power").

■ Second, Alden argues that the district court violated his due process rights in both cases by providing him only with unsigned grand jury indictments before he entered his pleas. Even if true, Alden cannot show that he was prejudiced by the unsigned indictments. *See Hobby v. United States,* 468 U.S. 339, 345, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984) ("[T]he absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."); *Cf. Garland v. Washington,* 232 U.S. 642, 645–46, 34 S.Ct. 456, 58 L.Ed. 772 (1914). The indictments provided to Alden accurately described the charges against him and informed him of the accusations he faced so that he could enter a knowledgeable plea. There was, therefore, no prejudice. *See United States v. Romero,* 640 F.2d 1014, 1015 (9th Cir. 1981).

■ Third, Alden argues that the CSA cannot be applied to him because it lacks implementing regulations. There is no general requirement that criminal statutes have implementing regulations, however, and the case that Alden relies on does not provide to the contrary. *See United States v. Mersky,* 361 U.S. 431, 440, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960) (holding that regulations would not be interpreted to impose criminal sanctions where intent to do so was not clear).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Fourth, Alden argues that his first conviction should be overturned because the district court erred in precluding him from raising the defense of medical necessity. The record establishes, however, that Alden was apprised of the defense by both his attorney and the district court, and that he intentionally decided not to object when the government moved *in limine* to preclude him from raising the defense. Alden therefore waived his right to contest the district court's ruling. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc).

Finally, in a post-briefing letter filed under Rule 28(j), Alden has requested a remand pursuant to *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court sentenced Alden under the reasonable, but mistaken, belief that the sentencing guidelines were mandatory. That was error of a nonconstitutional nature. *See United States v. Ameline,* 409 F.3d 1073, 1084 n. 8 (9th Cir.2005) (en banc). Based on this record, we cannot discern whether the error affected Alden's substantial rights. *See id.* at 1084. Accordingly, we remand the sentence for further proceedings pursuant to *Ameline. See United States v. Moreno–Hernandez,* 2005 WL 1560269 at *9 (9th Cir. Jul.5, 2005).

For the foregoing reasons, Alden's convictions are affirmed and his sentence is remanded to the district court.

**AFFIRMED** and **REMANDED.**