**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

LUIS MANUEL PRADO-JIMENEZ,
also known as Luis Jimenez, also
known as Louis Prado,

        Defendant - Appellant.

No. 06-1174

(D. Colorado)

(D.C. No. 05-CR-495-WDM)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I.    Introduction

Appellant Luis Prado-Jimenez pleaded guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  The district court sentenced him to fifty-seven months' imprisonment, the low end of the advisory guidelines range.  Prado-Jimenez now appeals the sentence imposed by the district court, arguing it is substantively unreasonable based on consideration of the factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Booker*, 543 U.S. 220, 261 (2005).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm Prado-Jimenez's sentence.

## II.    Background

In 2005, Prado-Jimenez was arrested for speeding in Colorado.  A records check revealed he had previously been deported from the United States.  He was arrested and eventually charged with illegal reentry by a deported alien previously convicted of an aggravated felony, in violation of 18 U.S.C. § 1326(a) and (b)(2).  Prado-Jimenez pleaded guilty to the charge and the United States Probation Office prepared a Presentence Investigation Report ("PSR").  The PSR calculated the base offense level at eight but increased it sixteen levels pursuant to USSG § 2L1.2(b)(1)(A) because Prado-Jimenez had a prior felony conviction for a crime of violence.  The offense level was then reduced by three levels for acceptance of responsibility pursuant to USSG § 3E1.1, yielding a total offense level of twenty-one.  Combined with Prado-Jimenez's criminal history category of IV, this

offense level resulted in an advisory guidelines sentencing range of fifty-seven to seventy-one months' imprisonment.

Prado-Jimenez filed a written objection to the PSR, arguing the sixteen-level increase to his base offense level violated his Sixth Amendment rights because the fact of the prior conviction that triggered the increase was not found by a jury beyond a reasonable doubt.[1] *But see Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005). He also filed a sentencing memorandum, arguing a variance from the advisory guidelines range was appropriate based on the nature of the offense of conviction, his history and characteristics, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). Specifically, Prado-Jimenez asserted his offense was less serious because he illegally reentered the country solely out of a desire to rejoin his immediate family, all of whom live in the United States. With respect to his history and characteristics, he took the position they warranted a lower sentence because he has no recent criminal activity and maintained regular employment while in the United States. Finally, he argued the absence of a fast-track program[2] in Colorado resulted in an

---

[1]The district court rejected this argument as foreclosed by Supreme Court precedent and Prado-Jimenez does not raise the issue in this appeal.

[2]Fast-track programs permit defendants accused of certain immigration offenses to "plead guilty early in the process and waive their rights to file certain motions and to appeal, in exchange for a shorter sentence." *United States v.*

(continued...)

unwarranted sentencing disparity between the advisory guidelines range calculated in the PSR and sentences imposed for the same crime in jurisdictions that have fast-track programs.

At the sentencing hearing, the district court considered Prado-Jimenez's arguments but rejected his request for a sentencing variance. The district court characterized Prado-Jimenez's desire to be with his family as "understandable" but expressed concern that Prado-Jimenez admitted to reentering the United States illegally on two occasions almost immediately after being deported, thereby showing a disrespect for the law and the inability to be deterred from engaging in illegal conduct. The court acknowledged Prado-Jimenez's criminal history was limited to offenses occurring several years ago, but noted his prior offenses were serious and evinced a significant disregard for the law. The district court also rejected Prado-Jimenez's fast-track argument, concluding fast-track sentences are the exception rather than the norm and thus do not constitute a legitimate reason to impose a sentence outside a presumptively reasonable guidelines range. Based on its consideration of the § 3553(a) factors, the district court determined a sentence at the bottom of the advisory guidelines range was appropriate and sentenced Prado-Jimenez to fifty-seven months' imprisonment.

---

[2](...continued)
*Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005).

**III. Discussion**

This court reviews Prado-Jimenez's sentence for reasonableness. *Booker*, 543 U.S. at 260-61. Our "[r]easonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Those factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, [and] to protect the public." *Id*. Because Prado-Jimenez's sentence falls within a properly calculated guidelines range, it is entitled to a rebuttable presumption of substantive reasonableness. *Id*. at 1054.

Consistent with the arguments he presented to the district court, Prado-Jimenez asserts his sentence is unreasonable in light of the § 3553(a) factors, because (1) his offense of conviction was motivated by a desire to be reunited with his family; (2) he has an excellent employment history; (3) his prior criminal offenses all occurred many years ago and he has "aged out" of a crime-filled youth; (4) he is a fully assimilated American, having lived in the United States since he was seven years old; and (5) the lack of a fast-track program in Colorado creates an unwarranted sentencing disparity.[3] Prado-Jimenez's specific arguments

---

[3]Prado-Jimenez also argues (1) his sentence should be viewed in the larger context of America's reliance on immigrant labor, (2) his employers and their clients have benefitted from his offense, (3) Bureau of Prisons regulations governing deportable aliens impair the ability to provide him with educational or vocational training during his incarceration, and (4) the "blindly punitive effect" of the application of the sixteen-point enhancement mandated by USSG

(continued...)

are part of a broader assertion his sentence is substantively unreasonable because it is too long.

Prado-Jimenez's fast-track argument is foreclosed by our recent decision in *United States v. Martinez-Trujillo*, 468 F.3d 1266 (10th Cir. 2006). In *Martinez-Trujillo*, we concluded sentencing disparities resulting from the existence of fast-track programs in some jurisdictions are not unwarranted under § 3553(a)(6) because they are specifically authorized by Congress. *Id*. at 1268-69. Having reviewed and considered Prado-Jimenez's other arguments,[4] we conclude they are insufficient, even considered in the aggregate, to rebut the presumption his sentence is reasonable. The district court adopted the uncontested factual findings in the PSR and fully considered the arguments Prado-Jimenez presented

_____

[3](...continued)
§ 2L1.2(b)(1)(A) renders his sentence unreasonable. Because Prado-Jimenez did not present any of these arguments to the district court, we do not consider them here. *See United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1260 (10th Cir. 2006).

[4]This court has held that § 5K2.11 departures are not allowed in illegal reentry cases because the crime of illegal reentry is not a specific intent crime. *United States v. Hernandez-Baide*, 392 F.3d 1153, 1157-58 (10th Cir. 2004), *cert. granted & judgment vacated by Hernandez-Baide v. United States*, 544 U.S. 1015 (2005), *opinion reinstated by United States v. Hernandez-Baide*, 146 F. App'x 302, 305 (10th Cir. 2005). Recognizing the analytical distinctions between departures and variances, it could nevertheless be argued, based on the analysis of departures in *Hernandez-Baide*, that it would be likewise improper for a district court to vary from the advisory guidelines range based solely on the defendant's motivation for reentering the United States. We leave the resolution of this issue for another day since the government does not raise it and the sentence imposed by the district court is otherwise reasonable.

in support of his request for a below-guidelines sentence. It then imposed a sentence at the bottom of the correctly calculated advisory guidelines range. Even in the absence of the *Kristl* presumption, we would conclude Prado-Jimenez's sentence is substantively reasonable.

## IV. Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge