FILED
United States Court of Appeals
Tenth Circuit

March 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

LUIS MANUEL PRADO-JIMENEZ,

  Defendant-Appellant.

No. 07-1505

(D.C. Nos. 07-CV-1638-WDM and
05-CR-495-WDM)

(D. Colorado)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, MURPHY**, and **HARTZ**, Circuit Judges.

Luis Manuel Prado-Jimenez, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and, because Prado-Jimenez has failed to meet the standards for issuance of a COA, we deny a COA and dismiss this matter.

Prado-Jimenez pleaded guilty to a single count of illegal re-entry by a removed alien, a violation of 8 U.S.C. § 1326(a) & (b)(2), and the district court sentenced him to fifty-seven months' imprisonment. On direct appeal, we affirmed his sentence. United

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

States v. Prado-Jimenez, 223 F. App'x 818 (10th Cir. 2007). On August 2, 2007, Prado-Jimenez filed his pro se motion under 28 U.S.C. § 2255. In his motion, Prado-Jimenez argued that because 8 U.S.C. § 1326, the statute under which he was convicted, lacked implementing regulations, the United States district court had no jurisdiction and he should have been tried in an immigration court. Prado-Jimenez also claimed ineffective assistance of counsel because his counsel failed to recognize this alleged jurisdictional defect; prosecutorial misconduct because there was no jurisdiction for his prosecution; and a violation of his due process rights by all officers of the court who were involved in this conviction.

The district court denied Prado-Jimenez's motion on August 8, 2007. Prado-Jimenez filed a motion for reconsideration on November 2, 2007, arguing that he should have been given discovery and an evidentiary hearing on this matter, which the district court also denied. The district court subsequently denied Prado-Jimenez a COA. Prado-Jimenez has now renewed his request for a COA with this court.

Issuance of a COA is jurisdictional. A prisoner may appeal from the denial of habeas relief under 28 U.S.C. § 2255 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(B); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

2

presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After reviewing the record on appeal, we conclude that Prado-Jimenez is unable to make the requisite showing for the issuance of a COA. We agree with the district court that he has failed to demonstrate the denial of a constitutional right. There is no requirement that criminal statutes have implementing regulations. <u>United States v. Alden</u>, 141 F. App'x 562, 563 (9th Cir. 2005). Further, the fact that Prado-Jimenez's conviction arose out of an immigration violation did not mean that he should have been tried in an immigration court rather than a United States district court. "The district courts of the United States shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under" the immigration laws. 8 U.S.C. § 1329. No discovery or evidentiary hearing was necessary for the district court to reach this legal conclusion.

The request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3