**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOSE PABLO ZAPATA-PARRA,

     Defendant-Appellant.

No. 06-2349
(D.Ct. No. CR-06-1360 MCA)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit
Judges.

_____

     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

     Appellant Jose Pablo Zapata-Parra pled guilty to one count of attempted

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Mr. Zapata-Parra to forty-one months imprisonment. Although Mr. Zapata-Parra appeals his conviction and sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On or about July 20, 1995, Mr. Zapata-Parra was convicted in a Colorado district court of criminal attempt to commit distribution of a Schedule II controlled substance – a crime punishable by a minimum of two years in prison. On or about May 17, 1996, after serving a portion of his prison sentence, the government deported Mr. Zapata-Parra to Mexico.

On March 10, 2006, the United States Border Patrol encountered Mr. Zapata-Parra and another individual near Columbus, New Mexico, at which time he admitted being a citizen of Mexico illegally present in the United States, having entered the country at a place not designated as a legal port of entry and never having been inspected by immigration officials. The government charged him with attempted illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Prior to his indictment, the government offered Mr. Zapata-

Parra a pre-indictment "fast track" plea, offering to sentence him to a total offense level of 19 under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), if he pled guilty as charged, rather than the "non fast track" total offense level of 21. Mr. Zapata-Parra rejected the fast track plea offer and was subsequently indicted. On August 8, 2006, Mr. Zapata-Parra filed a pro se motion for appointment of new trial counsel, which the district court denied at a hearing held on August 16, 2006. On August 25, 2006, Mr. Zapata-Parra entered into a plea agreement with the United States, pleading guilty to the charges in the indictment, after which the district court accepted his plea at a hearing held on the same date.

After Mr. Zapata-Parra pled guilty, the probation officer prepared a presentence report calculating his sentence under the applicable Guidelines. The probation officer calculated the base offense level at 8 under U.S.S.G. § 2L1.2(a) and added a sixteen-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A) because Mr. Zapata-Parra had been deported subsequent to a conviction for a felony drug trafficking offense in which the sentence imposed exceeded thirteen months. In addition, based on his acceptance of responsibility for the offense of conviction, the probation officer included a three-level reduction of Mr. Zapata-Parra's offense level, for a total offense level of 21. A total offense level of 21, together with a criminal history category of II, resulted in a Guidelines sentencing range of

forty-one to fifty-one months imprisonment.

Prior to sentencing, Mr. Zapata-Parra filed a sentencing memorandum, conceding the calculated total offense level was 21, but arguing he should be sentenced at a total offense level of 19, which he would have received had he accepted the government's fast track plea offer. In support, he explained he only refused the pre-indictment offer because he wanted to negotiate further to receive a lesser sentence, and his decision was based on his unfamiliarity with the plea bargaining process in the United States compared to that in Mexico.

At the sentencing hearing, Mr. Zapata-Parra renewed his argument he should receive the two-level reduction in his offense level because cultural differences between the United States' and Mexico's negotiating processes caused him to reject the fast track plea. In turn, the government argued that if it agreed in every case to renew fast track offers at sentencing, the result would totally undermine the United States Attorney's fast track program intended to make quick resolution of pending cases so that resources are not wasted by the government, the defense, and the courts. After considering the parties' arguments, the district court rejected Mr. Zapata-Parra's request for the fast track sentence, based in part on the government's argument that sentencing him as though he accepted a fast track plea would undermine the government's

sentencing program. It also noted Mr. Zapata-Parra had counsel at the time he rejected the fast track plea offer and that no evidence otherwise supported a lower sentence under 18 U.S.C. § 3553(a). After accepting the unopposed factual findings in the presentence report and considering the advisory Guidelines, together with the sentencing factors in 18 U.S.C. § 3553(a), the district court sentenced Mr. Zapata-Parra at the low end of the advisory Guidelines range to forty-one months in prison.

After Mr. Zapata-Parra filed a timely notice of appeal, his appointed counsel filed an *Anders* appeal brief, explaining counsel had reviewed the record, discussed the appeal with Mr. Zapata-Parra and his trial counsel, and determined the appeal to be wholly frivolous; he then moved for an order permitting him to withdraw as counsel. *See Anders*, 386 U.S. at 744. In support, Mr. Zapata-Parra's counsel points out no colorable argument exists to support Mr. Zapata-Parra's claim his sentence is unreasonably long or that he received ineffective assistance of counsel with respect to the length of his sentence. As to the sentence length, counsel explains Mr. Zapata-Parra is claiming that the district court should have departed under § 3553(a)(6) because others similarly situated, but who accepted fast track plea agreements, received lesser sentences for committing the same crime. However, counsel points out Mr. Zapata-Parra consulted with his trial counsel regarding the fast track plea offer and considered

it, but chose to decline the offer based on his own erroneous belief further negotiations would result in a better deal. Counsel further points out the district court considered Mr. Zapata-Parra's argument and rejected it based on its determination that sentencing him as though he accepted a fast track plea would undermine the government's sentencing program. Counsel also notes Tenth Circuit precedent rejecting claims of fast track sentencing disparities forecloses Mr. Zapata-Parra's argument, leaving it legally unsupportable.

As to Mr. Zapata-Parra's claim of ineffective assistance of trial counsel with respect to the length of his sentence and the fact he did not accept the government's fast track plea offer, appellate counsel points out ineffective assistance of counsel claims generally should be brought in collateral proceedings and not on direct appeal. As further support, counsel suggests Mr. Zapata-Parra raises no non-frivolous issue and the record contains no evidence making his ineffective assistance of counsel claim appropriate on direct appeal.

Pursuant to *Anders,* this court gave Mr. Zapata-Parra an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Mr. Zapata-Parra did not file a response.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* Turning first to Mr. Zapata-Parra's assertion his defense counsel was ineffective, we have long held that ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). We have further held "'[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *Id.* (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). As a result, we decline to consider Mr. Zapata-Parra's ineffective assistance of counsel claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance").

Next, with regard to Mr. Zapata-Parra's fast track disparity claim and the reasonableness of his forty-one-month sentence, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. Here, the district court considered Mr. Zapata-Parra's claim for a below-Guidelines sentence based on his fast track plea argument, together with

the sentencing factors in § 3553(a). The district court then sentenced him at the low end of the advisory Guidelines range of forty-one to fifty-one months imprisonment. A presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, and which Mr. Zapata-Parra has not sufficiently rebutted. *See id.* at 1053-55. Moreover, to the extent Mr. Zapata-Parra is making a sentencing disparity claim, *United States v. Martinez-Trujillo*, 468 F.3d 1266 (10th Cir. 2006), is controlling precedent in this circuit, which we cannot overturn absent en banc review or an intervening Supreme Court decision. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 3054 (2007). In *Martinez-Trujillo*, we concluded that because Congress permitted district courts to participate in fast track programs, but did not revise the terms of § 3553(a)(6) regarding sentencing disparities, Congress recognized sentencing disparities for some defendants would result from such programs, but that such sentences would not violate § 3553(a)(6). 468 F.3d at 1268-69 (relying on the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (codified in scattered sections of 18 and 42 U.S.C.)). The same reasoning applies to Mr. Zapata-Parra's disparity claim. Thus, we decline to further entertain Mr. Zapata-Parra's fast track sentencing claim or otherwise consider whether his sentence is unreasonable in light of that decision.

### III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Zapata-Parra's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge