**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 05-4122

JOSAFAT MARTINEZ-TRUJILLO,

Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 2:04-CR-800-TS)**

---

Stephen R. McCaughey, Salt Lake City, Utah, for Defendant - Appellant.

Karin M. Fojtik, Assistant United States Attorney (Paul M. Warner, United States Attorney, and Wayne T. Dance, Assistant United States Attorney, on the brief), Salt Lake City, Utah, for Plaintiff - Appellee.

---

Before **HARTZ**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

To expedite the handling of large volumes of cases involving persons accused of immigration offenses, certain judicial districts employ fast-track programs. These programs allow defendants to obtain a downward departure in

their offense level under the United States Sentencing Guidelines (USSG) in exchange for pleading guilty and waiving their rights to file certain motions and to appeal. *See United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005); USSG § 5K3.1. Congress authorized these programs in a provision of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the PROTECT Act). *See* Pub. L. No. 108-21, 117 Stat. 650 (codified in scattered sections of 18, 28, and 42 U.S.C.). The decision to adopt the program in a district is made by the United States Attorney General and the United States Attorney for the district. *See id*. § 401(m)(2)(B), 117 Stat. at 675; *Morales-Chaires*, 430 F.3d at 1127.

A number of defendants prosecuted in non-fast-track districts have complained that the advantages of fast-track sentences are not available to them. They argue that judges in non-fast-track districts should avoid disparities in sentencing within the federal system as a whole by taking into account sentences under fast-track systems and reducing their sentences accordingly. They rely on 18 U.S.C. § 3553(a)(6), which requires the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Josafat Martinez-Trujillo is such a defendant. He pleaded guilty in the United States District Court for the District of Utah to illegal reentry of a previously deported alien. *See* 8 U.S.C. § 1326. He filed a memorandum arguing

-2-

that under § 3553(a)(6) the sentencing court must avoid unwarranted sentence disparities between similarly situated defendants by adjusting his sentence to correspond with sentences imposed in districts with fast-track programs. The district court rejected the argument, declaring that the sentence it pronounced was consistent with "the goals of providing just punishment for the offense, affording adequate deterrence to the criminal conduct, and protecting the public from further crimes of the defendant." R. Doc. 42 at 6. Refusing to consider fast-track programs as a sentencing factor, the court stated that it would not "attempt to account for the fast-track program, which is in place in only approximately 15 percent of districts," and said that doing so "would undermine the heart of the federal sentencing system, uniformity among similarly situated defendants." *Id.* at 7.

Mr. Martinez-Trujillo appeals, contending that the district court's ruling violated the sentencing standards set forth in 18 U.S.C. § 3553(a), thereby rendering his sentence unreasonable. *See United States v. Booker*, 543 U.S. 220, 261 (2005) (establishing unreasonableness as standard of appellate review for sentences). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We considered a similar contention in *Morales-Chaires*. In that case we held that a district court could impose sentences on persons convicted of unlawful reentry without adjusting for disparities caused by fast-track sentencing. *See Morales-Chaires*, 430 F.3d at 1131. We reserved for the future, however,

"whether sentencing disparities caused by the existence of fast-track programs are or are not, or may be in certain circumstances, considered unwarranted under § 3553(a)(6)." *Id.* This case presents the question, and we answer it "No." We cannot say that a disparity is "unwarranted" within the meaning of § 3553(a)(6) when the disparity was specifically authorized by Congress in the PROTECT Act. *See United States v. Castro*, 455 F.3d 1249, 1252 (11th Cir. 2006) ("Any disparity created by section 5K3.1 does not fall within the scope of section 3553(a)(6). When Congress directed the Sentencing Commission to allow the departure for only participating districts, Congress implicitly determined that the disparity was warranted." (internal citation omitted)); *United States v. Mejia*, 461 F.3d 158, 163 (2d Cir. 2006) ("Congress expressly approved of fast-track programs without mandating them; Congress thus necessarily decided that they do not create the unwarranted sentencing disparities that it prohibited in Section 3553(a)(6)."); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) ("The refusal to factor in . . . the sentencing disparity caused by early disposition programs does not render a sentence unreasonable. . . . Congress must have thought the disparity warranted when it authorized early disposition programs without altering § 3553(a)(6)."); *United States v. Perez-Pena*, 453 F.3d 236, 244 (4th Cir. 2006) ("[T]here is no reason to believe that Congress intended that sentencing disparities between defendants who benefitted from prosecutorial discretion and those who did not could be 'unwarranted' within the meaning of § 3553(a)(6).

We therefore conclude that the need to avoid such disparities did not justify the imposition of a below-guidelines variance sentence."); *United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006) ("[W]e cannot say that the disparity between Appellants' sentences and the sentences imposed on similarly-situated defendants in fast-track districts is 'unwarranted' within the meaning of § 3553(a)(6). When Congress passed the PROTECT Act, it did so with knowledge that 18 U.S.C. § 3553(a)(6) was directing sentencing courts to consider the need to avoid unwarranted sentencing disparities. By authorizing fast-track programs without revising the terms of § 3553(a)(6), Congress was necessarily providing that the sentencing disparities that result from these programs are warranted and, as such, do not violate § 3553(a)(6).").

At oral argument before this court, Mr. Martinez-Trujillo contended that he is entitled to special consideration because the fast-track program is now in effect in the District of Utah. He argued that the program should be available to anyone whose sentence has not become final before the program's effective date. But this argument is unavailing. Mr. Martinez-Trujillo has already exercised one of the rights that defendants waive when they go through the fast-track process—the right to appeal. *See Morales-Chaires*, 430 F.3d at 1127 ("In jurisdictions where fast-track programs have been authorized by the Attorney General, defendants must agree to the factual basis of the criminal charge and waive the rights to file pretrial motions, to appeal, and to seek collateral relief (except for ineffective

assistance of counsel).” (internal quotation marks and brackets omitted)). Moreover, the decision that a defendant be “fast-tracked” is not made by the defendant but by the United States Attorney. *See* USSG § 5K3.1 (“Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program . . . .”). Mr. Martinez-Trujillo does not contend that the United States Attorney in this case would now offer him the opportunity to go through fast-track procedures if this case were remanded to the district court. Indeed, the opposite representation was made by the United States Attorney during oral argument.

Mr. Martinez-Trujillo makes no further argument regarding the unreasonableness of his sentence. His sentence was within the range set by the Guidelines. Such a sentence is presumed reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (“If . . . the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable.”). We therefore reject Mr. Martinez-Trujillo’s claim that his sentence was unreasonable.

We AFFIRM the judgment below.