FILED
United States Court of Appeals
Tenth Circuit

October 26, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAIAS CORTEZ-VILLANUEVA, also known as Oracio C. Villanueva, also known as Orosio Cortez, also known as Luis Corona Florez,

Defendant - Appellant.

No. 06-4023

(D. Utah)

(D.C. No. 1:05-CR-49-DAK)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

Isaias Cortez-Villanueva pleaded guilty in the United States District Court for the District of Utah to one count of illegal reentry under 8 U.S.C. § 1326. The court sentenced him to 57 months in prison and two years of supervised release. He appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The calculation of Mr. Cortez-Villanueva's sentencing range under the United States Sentencing Guidelines (USSG) was straightforward. The base offense level for unlawfully entering or remaining in the United States is 8. *See* USSG § 2L1.2. Mr. Cortez-Villanueva received an increase of 16 levels for a previous deportation following a conviction for a violent felony, *see id.* § 2L1.2(b)(1)(A), and a downward adjustment of 3 for accepting responsibility, *see id.* § 3E1.1, for a total offense level of 21. Based on his prior convictions, his status as a parolee, and his release from prison in the past two years, the presentence report (PSR) calculated his criminal-history score as 9, *see id.* § 4A1.1, which established a criminal-history category of IV, *see id.* § 5A, resulting in a Guidelines sentencing range of 57–71 months' imprisonment. *See id.*

In response to the PSR, Mr. Cortez-Villanueva filed a position statement arguing that he should receive a downward departure because his criminal-history category overrepresented his dangerousness. He also argued that under *United States v. Booker*, 543 U.S. 220 (2005), he should receive a downward variance because he was not dangerous and because the government's fast-track policy is arbitrary and violates 18 U.S.C. § 3553(a)(6) by favoring persons who happen to be convicted in border states.

The district court denied Mr. Cortez-Villanueva's requests for a downward departure and variance, ruling that there was no reason to impose a sentence

below the Guidelines range and that the fast-track program did not violate the Constitution. The court noted that Mr. Cortez-Villanueva had been deported from the country five times and had a prior conviction for burglary. (The PSR reflected the correct offense, attempted burglary.) It sentenced Mr. Cortez-Villanueva to 57 months' imprisonment, the lowest sentence within the Guidelines range.

Post-*Booker* we review a sentence for reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). Any alleged legal errors in calculating the Guidelines range are reviewed de novo, and the underlying factual findings are reviewed for clear error. *See id.* at 1055. If the Guidelines range is properly calculated, a sentence within the range is presumptively reasonable, but the presumption can be rebutted by evidence that the sentence unreasonably fails to take into account "other factors delineated in [18 U.S.C.] § 3553(a)." *Id.* at 1054. *See also Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (appellate courts may apply a presumption of reasonableness to sentences within the Guidelines range).

In his opening brief on appeal, Mr. Cortez-Villanueva contends that the district court imposed an unreasonable sentence because it (1) failed to grant him a downward variance based on the disparity caused by fast-track programs; (2) counted his five prior deportations against him; and (3) gave disproportionate

weight to his conviction for attempted burglary, misconstruing it as a conviction for burglary. He does not challenge the court's Guidelines calculations.

We can summarily dispose of Mr. Cortez-Villanueva's contention that he was entitled to a downward variance because the fast-track program violates § 3553(a)(6) by creating a sentencing disparity in favor of people who offend in border states. We rejected this argument in *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006).

The second argument in Mr. Cortez-Villanueva's opening brief is that the district court erred by considering prior deportations that had not resulted in convictions for illegal reentry. But the court can properly consider prior deportations as evidence that the defendant ignores the law and is likely to try to reenter this country again. Mr. Cortez-Villanueva conceded this point in the following exchange at sentencing:

> The Court: Are you saying I shouldn't take into account a deportation that wasn't a conviction?
> [Defense Counsel]: Well, certainly, I think it's relevant. You certainly can consider that.

R. Vol. II at 6. The district court's consideration of prior deportations was not error.

Mr. Cortez-Villanueva's third ground for challenging his sentence is that the district court gave disproportionate weight to his attempted-burglary conviction by mischaracterizing it as a burglary, which is a more serious felony.

This argument was not presented to the court. We therefore review it only for plain error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Here, there was error. The district court certainly misspoke. And the error was plain. But Mr. Cortez-Villanueva has not established the necessary prejudice. The court referred only once to a burglary and the reference may have been short-hand for Mr. Cortez-Villanueva's conviction for attempted burglary; the PSR referred accurately to the conviction, as did the prosecution and the defense. The court imposed the lowest possible Guidelines sentence. We have no reason to believe that the court's mischaracterization of an attempted-burglary conviction as a burglary conviction played any role in imposing sentence. Mr. Cortez-Villanueva is therefore not entitled to relief on this ground.

Mr. Cortez-Villanueva has raised additional arguments since filing his opening brief on appeal. In his reply brief he argues that fast-track sentencing in other jurisdictions violates the Constitutional guarantees of due process and equal protection. But because these arguments were not raised until the reply brief, we will not consider them. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). We note that Mr. Cortez-Villanueva does not cite to any case holding that the fast-track program violates either due process or equal protection.

Also, in a letter submitted under Fed. R. App. P. 28(j) and in a motion to file a supplemental brief, he argues that the recent decision to adopt fast-track sentencing in the District of Utah results in a violation of his rights under the Ex Post Facto and Due Process Clauses. *See* U.S. Const. art. I, § 9, cl. 3; *id.* amend. V. He bases his argument on the observation that because defendants sentenced under the fast-track program receive more lenient sentences, his sentence has become more severe by comparison. We deny his motion to file a supplemental brief because the argument clearly lacks merit. He cites *Miller v. Florida*, 482 U.S. 423, 430 (1987), for the proposition that the implementation of the fast-track program failed to give fair notice of a penalty change. But notice is necessary only for increases in punishment. *See id.* at 429. Because adoption of the fast-track program did not increase the punishment for a crime, his contention under the Due Process and Ex Post Facto Clauses must fail.

Mr. Cortez-Villanueva's sentence is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge