FILED
United States Court of Appeals
Tenth Circuit

February 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAVIER HERNANDEZ-VALOIS,

      Defendant - Appellant.

No. 08-2153
(D.C. No. CR-08-634-JEC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Javier Hernandez-Valois pleaded guilty to one count of conspiracy to possess with intent to distribute 50 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846.  The district court sentenced Mr. Hernandez to 27 months' imprisonment followed by three years of unsupervised release. He appeals both the procedural and substantive reasonableness of his sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

      [*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a).  The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Mr. Hernandez, a Mexican citizen, was one of five individuals arrested by United States Border Patrol agents near Animas, New Mexico. He admitted to the agents that he was being paid to smuggle marijuana into the United States. The agents recovered five backpacks containing a total of 96.4 net kilograms of marijuana.

Mr. Hernandez pleaded guilty to one count of conspiracy to possess with intent to distribute 50 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. A Presentence Investigation Report ("PSR") was prepared. Mr. Hernandez's total offense level was 17, which included a four-level reduction for being a minimal participant in the conspiracy, as well as a three-level reduction for acceptance of responsibility. *See* United States Sentencing Guidelines Manual ("U.S.S.G.") §§ 3B1.2(a), 3E1.1. Based on two misdemeanor convictions and one felony conviction for illegal reentry, his criminal history was category III. However, the PSR suggested that Mr. Hernandez's criminal history category over-represented the seriousness of his criminal history and recommended that the court depart downward to category II, pursuant to U.S.S.G. § 4A1.3(b)(1).

Mr. Hernandez requested, in addition to the departure, that the court vary downward. Even with the departure, the recommended Guidelines range was 27 to 33 months. Mr. Hernandez's four codefendants accepted fast-track plea agreements and

2

each of them received a sentence of eight months' imprisonment.[1]  Because of his

previous convictions, the government did not offer Mr. Hernandez a fast-track plea.  Mr.

Hernandez, however, argued that a within-Guidelines sentence would create an

unwarranted disparity between himself and his codefendants.  He suggested that fourteen

months' imprisonment was "sufficient, but not greater than necessary, to impose

appropriate punishment and achieve the legitimate aims of federal sentencing."  Aplt. Br.

at 5.[2]

      The district court granted the departure, assigning Mr. Hernandez to criminal

---

[1]     Mr. Hernandez states that his codefendants were sentenced to 12 months and one day imprisonment.  *See* Aplt. Br. at 4.  His statement, however, is contradicted by the record, which indicates that each of them received an eight-month sentence.  *See* R., Vol. I, at 2-4 (district court docket sheet noting sentences of Mr. Hernandez and his co-defendants and specifying that each of the codefendants received eight months).  Indeed, it is inconsistent with Mr. Hernandez's own prediction in the district court of "the likely sentences" of his codefendants.  *Id.*, Doc. 45, at 4 (Sentencing Memorandum, dated May 24, 2008) ("Mr. Hernandez' co-defendants likely face a sentence of eight months in custody, the low end of the guideline sentencing range which will probably apply to them."); *see also* R., Vol. III, Doc. 77, at 2 (Transcript of Sentencing Hearing, dated June 25, 2008) ("This is a backpacker case where the other defendants are probably going to get an 8-month sentence.").  Mr. Hernandez's inexplicable error in describing his codefendants' sentences—and his similarly baffling error in stating the length of his requested variance, which is discussed in note 2 *infra*—do not impact our analysis and we disregard them.

[2]     In his opening brief, Mr. Hernandez claims to have requested an 18-month sentence.  Aplt. Br. at 5.  The record does not support this statement.  Mr. Hernandez requested a 14-month sentence.  He expected his codefendants to receive eight-month sentences.  *See supra* note 1.  He argued that "[a] sentence of 14 months would be six months greater than the likely sentences of [his] co-defendants" and asserted that the 14-month sentence "would be sufficient to meet the goals of sentencing in this case."  R., Vol. I, Doc. 45, at 4; *see also id.*, Vol. III, Doc. 77, at 3 ("Basically, as I said in the memorandum, Your Honor, I'm asking for a 14-month sentence. . . . I think that's sufficient but not greater than necessary to achieve the aims of sentencing.").  Indeed, Mr. Hernandez's own reply brief says that he requested a 14-month sentence.  *See* Reply Brief at 8-9 ("The only difference among them [the defendants in the case] was Mr. Hernandez's criminal history, which would have been taken into account by imposition of the 14-month sentence he requested.").

history category II. It then sentenced him to 27 months' imprisonment, the bottom of the Guidelines range. Initially, the court did not address Mr. Hernandez's request for a variance. When Mr. Hernandez specifically asked for the court's findings with respect to the variance, the court responded, "Well, my findings are obvious. I'm not going to give him a downward variance. I think he's already got enough. And with his criminal history category, I think he's getting exactly what he deserves." R., Vol. III, Doc. 77, at 7. This appeal followed.

## II. DISCUSSION

We recently summarized the governing standards for our review of sentences:

> On appeal, we review sentences for reasonableness, which has both procedural and substantive dimensions. That is, we consider both the length of the sentence, as well as the method by which the sentence was calculated. A sentence is procedurally reasonable when the district court computes the applicable Guidelines range, properly considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure. A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.

*United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) (alterations, citations, and quotation marks omitted). The parties agree that Mr. Hernandez effectively preserved his objection to the procedural reasonableness of his sentence by requesting that the court make specific findings with respect to his variance request. Additionally, "a within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal. The defendant may rebut this presumption by showing that his sentence is

4

unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)."[3]

*United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (citations omitted).

Mr. Hernandez claims that his sentence was procedurally unreasonable, because the district court failed to provide an adequate explanation for the sentence given. In particular, he contends that the court failed to give specific reasons for denying Mr. Hernandez's request for a variance. However, after reviewing the transcript of the sentencing hearing, we find that the district court's explanation of its decision, while brief, was legally sufficient. When a district court imposes a within-Guidelines sentence, it is required "to provide only a general statement of 'the reasons for its imposition of the particular sentence.'" *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir.) (quoting 18 U.S.C. § 3553(c)), *cert. denied*, 128 S. Ct. 113 (2007); *see United States v.*

---

[3] Mr. Hernandez suggests that the presumption of reasonableness should not apply in this case, because "the guidelines application is altered by the inclusion of a fast track program which is not specifically addressed in the United States Sentencing Guidelines." Aplt. Br. at 17. He is mistaken. The PROTECT Act, which "endorsed the fast-track concept," *United States v. Martinez-Flores*, 428 F.3d 22, 25 (1st Cir. 2005), required the Sentencing Commission to "promulgate . . . a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." Pub. L. No. 108-21, § 401(m), 117 Stat. 650, 675 (2003). That policy statement now appears at U.S.S.G. § 5K3.1. Moreover, we have previously held that fast-track sentencing does not give rise to unwarranted disparities, even though only some districts have adopted the program. *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006). We see no reason to adopt a different standard of review simply because the government chose to offer a fast-track plea to some, but not all, of the defendants. Mr. Hernandez concedes that the decision to offer a fast-track plea "is entirely discretionary with the government." R., Vol. 1, Doc. 45, at 4. Thus, the presumption of reasonableness applies unless Mr. Hernandez can rebut it.

*A.B.*, 529 F.3d 1275, 1289 & n.18, 1290 (10th Cir.) (noting in the context of a within-Guidelines sentence the absence of "a duty" by the district court to undertake a "particularized analysis"), *cert. denied*, 129 S. Ct. 440 (2008); *see also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). The court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. In this case, the district court explicitly noted that it had considered the relevant sentencing factors listed in 18 U.S.C. § 3553(a). R., Vol. III, Doc. 77, at 4. It gave a detailed description of Mr. Hernandez's prior convictions and explained why it considered his history to be "more similar to those individuals having a criminal history category of II." *Id.* at 4-6. When asked about Mr. Hernandez's request for a variance, the court stated that it did not consider a variance to be appropriate, given Mr. Hernandez's criminal history. While the court could have said more, it was not required to do so. It is clear from the record that the court considered the relevant factors. Therefore, the sentence was procedurally reasonable.

The sentence also was substantively reasonable. Mr. Hernandez argues that his sentence resulted in an "unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Mr. Hernandez did receive a sentence that was considerably longer than his codefendants.

6

But "[d]isparate sentences . . . are permissible when the disparity is explicable by the facts of the particular case." *Alapizco-Valenzuela*, 546 F.3d at 1223. Moreover, "the purpose of the Guidelines is not to eliminate disparities among co-defendants, but rather to eliminate disparities among sentences nationwide." *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008). Here, Mr. Hernandez was not similarly situated to his codefendants. He was the only one of the five who had previously been convicted of a crime. Thus, while there may be a disparity between his sentence and those of his codefendants, it is not an *unwarranted* disparity. Mr. Hernandez has failed to rebut the presumption of reasonableness that attaches to his within-Guidelines sentence. He has not shown that his sentence is longer than necessary to give effect to the § 3553(a) factors. *See United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). Accordingly, we reject Mr. Hernandez's challenge to the substantive reasonableness of his sentence.

## III.  CONCLUSION

For the foregoing reasons, Mr. Hernandez's sentence is **AFFIRMED**.


Entered for the Court


Jerome A. Holmes
Circuit Judge


7