

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# USA v. Angel Lopez-Moldonad

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Angel Lopez-Moldonad" (2009). *2009 Decisions.* Paper 1660.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1660

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2519
_____

UNITED STATES OF AMERICA

v.

ANGEL LOPEZ-MOLDONADO,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cr-262-1)
District Judge:  Honorable James T. Gilles
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before:  RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed: March 27, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Angel Lopez-Moldonado appeals his sentence for illegally reentering the United

States in violation of 8 U.S.C. § 1326 (a) & (b)(2).  On appeal, he claims that the District

Court failed to meaningfully consider his argument for a variance based on the "fast-

track" disparity[1] and denied him that variance on erroneous grounds. He also argues that the District Court violated his constitutional rights by subjecting him to an increased maximum sentence based on a prior conviction that was not alleged in the indictment or admitted in his plea. Because the District Court did not err in its consideration of Lopez-Moldonado's argument for a variance and because the sentence does not violate Lopez-Moldonado's constitutional rights, we will affirm.

## I.    Background

Lopez-Moldonado was born in El Salvador in 1973 and was granted temporary protected status in the United States in 1989. He was convicted of assault on a police officer in 1993 and attempted burglary in 1997. In 2000, he was removed and informed that he was prohibited from reentering the United States because of his conviction for attempted burglary, a crime qualifying as an aggravated felony.

On March 15, 2007, Lopez-Moldonado was arrested in Bucks County, Pennsylvania and charged with assault and attempted murder. He was prosecuted locally, pled guilty to aggravated assault, and was sentenced to four to ten years in prison. On

---

[1]"Fast-track" programs originated in the Southern District of California in response to an overwhelming number of illegal reentry cases. *United States v. Vargas*, 477 F.3d 94, 98 n.8 (3d Cir. 2007) (citation omitted). These programs allow defendants who violate § 1326 to receive lower sentences in exchange for waiving certain rights, including indictment by grand jury. *Id*. The disparity referred to here is the difference between sentences for § 1326 violations in fast-track and non-fast-track districts. *Id*. at 98.

May 10, 2007, federal officials indicted Lopez-Moldonado for illegally reentering the United States, in violation of 8 U.S.C. § 1326(a) & (b)(2).

Under § 1326(a), an alien who illegally enters the United States may be imprisoned for up to two years. When an alien illegally reenters the United States after having been removed following a conviction for an aggravated felony, the statutory maximum increases, under § 1326(b)(2), to twenty years.

Lopez-Moldonado pled guilty to illegal reentry under § 1326(a). During the plea hearing, he and the government agreed that whether § 1326(b)(2) applied was a sentencing issue. At sentencing, the Court adopted the findings in the Presentence Report and determined that, because Lopez-Moldonado had been removed from the United States after being convicted of an aggravated felony,[2] he was subject to the enhanced statutory maximum set forth in § 1326(b)(2). The Court, in calculating Lopez-Moldonado's sentence range under the United States Sentencing Guidelines, also applied a sixteen-level enhancement, pursuant to section 2L1.2(b)(1)(A) of the Guidelines, because Lopez-Moldonado had reentered the country after having been deported following a crime of violence.[3]

---

[2]The statutory definition of "aggravated felony" includes theft and burglary offenses for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(G). Lopez-Moldonado's conviction meets this definition, as he was removed after pleading guilty to attempted burglary and being sentenced to three years in prison.

[3]The Sentencing Guidelines define the term "crime of violence" to include attempted burglary. U.S.S.G. § 2L1.2 Application Notes (1)(B)( iii) & (5).

The Court determined that Lopez-Moldonado had an offense level of twenty-one and a category III criminal history and calculated his Guidelines range to be forty-six to fifty-seven months imprisonment. Lopez-Moldonado did not contest the Court's calculation of his offense level, prior criminal history, or Guidelines range. He did, however, argue for a variance, contending that, had he been in a jurisdiction that offered the fast-track program, he could have entered the program and received an offense level reduction. The Court considered Lopez-Moldonado's argument and rejected it as too speculative, noting that it was based on "what would have happened in some other place under some other circumstance." (App. at 86.)

After considering the § 3553(a) factors, the Court sentenced Lopez-Moldonado to fifty months in prison. He filed this timely appeal.

II.    Discussion[4]

A.    Fast-Track Disparity

In *Gall v. United States*, the Supreme Court explained the two-step process by which appellate courts are to review sentences for abuse of discretion. 128 S.Ct. 586, 597 (2007). The first step[5] is to "ensure that the district court committed no significant

---

[4]The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over Lopez-Moldonado's appeal following the District Court's final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291.

[5]The second step in the review process is to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 128 S.Ct. at 597. However, as we have previously held "that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a

4

procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." *Id.* Lopez-Moldonado claims that the District Court committed a procedural error by failing to meaningfully consider his argument for a variance based on the fast-track disparity and by relying on clearly erroneous facts in denying that variance.

When explaining a sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007). When a party presents non-frivolous arguments for a variance, the sentencing judge should normally explain why he has chosen to accept or reject those arguments. *See id.* "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.*

In this case, the sentencing judge listened to Lopez-Moldonado's argument for a variance based on the fast-track disparity and, as earlier noted, denied it as "speculative as to what would have happened in some other place under some other circumstances." (App. at 86.) The sentencing judge's explanation, though brief, is sufficient to show a

---

sentence unreasonable," Lopez-Moldonado does not challenge the substantive reasonableness of his sentence. *Vargas*, 477 F.3d at 98-100.

reasoned basis for his decision and therefore to withstand the challenge that there was inadequate consideration of the argument.

Lopez-Moldonado, of course, claims that his argument is not speculative and that it was actually clear error for the District Court to believe he would not have been entitled to fast-track treatment. However, as the Tenth Circuit has recently explained, "the decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney." *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1269 (10th Cir. 2008) (citing USSG § 5K3.1 ("Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program... .")). Thus, even if Lopez-Moldonado had been arrested and tried in a fast-track jurisdiction, the United States Attorney in that jurisdiction would have had discretion to determine whether Lopez-Moldonado could participate in the fast-track program. Accordingly, the District Court's determination that the argument was speculative was not based on a clearly erroneous understanding of the facts.

## B.     Prior Conviction

Lopez-Moldonado claims that his Fifth and Sixth Amendment rights were violated when he was subjected to a higher statutory maximum sentence based on a criminal conviction that was neither included in the indictment nor admitted in his guilty plea. He acknowledges, however, that his arguments have been rejected by the Supreme Court and raises them simply to preserve the issues for Supreme Court review. *See*

6

*Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998) (rejecting the arguments that prior convictions must be included in an indictment, proved to a jury, and proved beyond a reasonable doubt). Under Supreme Court precedent, the District Court's consideration of Lopez-Moldonado's prior conviction was constitutional and is not a ground for reversal.

## III. Conclusion

Because the District Court did not commit a procedural error or violate Lopez-Moldonado's constitutional rights, we will affirm his sentence.