FILED
United States Court of Appeals
Tenth Circuit

December 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO SOLANO-LECHUGA,
a/k/a Armando Solano,

Defendant-Appellant.

No. 09-1056
(D.C. No. 1:08-CR-00221-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

Mr. Solano-Lechuga pled guilty to re-entering the United States without permission of the Attorney General after a previous deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he claims that his sentence is substantively unreasonable. We disagree, and affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

The Pre-Sentence Report ("PSR"), to which Mr. Solano-Lechuga did not object, placed his total offense level at 17 and his criminal history category at II, for a resulting guideline range of 27-33 months. Mr. Solano-Lechuga filed a motion seeking a variance from the guideline-recommended sentence. His motion did not challenge the calculation of the guidelines, but instead argued that the guidelines and applicable law were "unjust" as applied to him. *See* Aplt. Br. at 10. The district court acknowledged that his motion may have some merit from a policy standpoint, but the court denied the motion and imposed a within-guidelines sentence of twenty-seven months after examining the case in light of Mr. Solano-Lechuga's extensive criminal history. In so doing, the court observed:

> The total number of criminal history points is two, and that puts the defendant in Criminal History Category II. However, this calculation does not reflect the entirety of the defendant's criminal history. There are a number of convictions for which he receives no credit. His first conviction was in 1986 at age 27. It was a felony conviction for possession of marijuana for sale. This was followed by a conviction at age 31 in 1990 of third-degree assault. This was followed by a third-degree assault conviction in 1991, when the defendant was 32. And this was followed by a motor vehicle conviction, operating a vehicle without insurance, in 1992. In 1993, the defendant was convicted of speeding 35-30–oh, 35 miles an hour in a 30-mile an hour zone; and in 1994, he was convicted of being in possession of marijuana, a felony conviction. In 19[9]5, he was convicted of failure to present proof of insurance. In that same year, he was convicted of driving under the influence. In 1996, he was convicted of exceeding a reasonable and prudent speed. In 1996, he was convicted of another felony, possession of 8 ounces of marijuana.

Feb. 2, 2009 Sentencing Transcript at 4-5.

The parties dispute the standard of review applicable to a portion of Mr. Solano-Lechuga's claims. Although they agree that an abuse of discretion standard adheres to our review of the substantive reasonableness of Mr. Solano-Lechuga's sentence, the government contends that Mr. Solano-Lechuga's brief contains two procedural reasonableness challenges mistitled as "substantive." *See* Aple. Br. at 17. The government asserts that a heightened plain-error standard applies to Mr. Solano-Lechuga's challenges to the district court's failure to consider the presence of "fast-track" programs and in failing to consider the "affect (sic) of deportation programs." *See id.* at 17, 29. We need not engage in an intense standard of review inquiry, however, because Mr. Solano-Lechuga's claims fail even under the more liberal abuse-of-discretion standard.

When we review the reasonableness of a sentence, our first step is generally to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). But Mr. Solano-Lechuga concedes he raised only a substantive reasonableness challenge in the district court below and contends he challenges only the substantive reasonableness of his sentence now. In light of Mr. Solano-

Lechuga's concession that no procedural reasonableness challenge has been made, we apply a presumption of reasonableness to Mr. Solano-Lechuga's within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338 (2007); *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). A defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a).

Mr. Solano-Lechuga asserts no specific challenge to the district court's application of the sentencing factors in § 3553(a); rather, he argues that given his "unique circumstances" and the "structural defects marring sentencing in this area generally (mainly, the unequal distribution of fast track) and U.S.S.G. § 2L1.2(b)(1)(B) in particular (its failure to make just and logical distinctions among types and quantities of drugs)," he is entitled to a downward variance. *See* Aplt. Br. at 12. More specifically, he contends that in light of his status as a "fully assimilated American," he will "experience the effects of . . . deportation more harshly than other offenders in his shoes." *Id.* at 10-11.

To be sure, "[r]easonable people differ on how lenient or harsh sentences should be, both in general and for particular crimes and particular types of offenders." *United States v. Wittig*, 528 F.3d 1280, 1289 (10th Cir. 2008) (Hartz, J., concurring). Nevertheless, we discern no abuse of discretion in the district court's application of the advisory sentencing guidelines and its adherence to the laws applicable to this case. We have upheld the use of fast-track sentencing in

-4-

some districts but not others against challenges based on the resulting sentencing disparities. *See United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006). We will not revisit that issue here. Nor are we persuaded the sentence was unreasonable because the district court declined to consider favorably the less-serious type of drugs involved in Mr. Solano-Lechuga's criminal history or the impact on him of the deportation that will occur when he finishes his sentence. The district court's sentence was within "the bounds of permissible choice, given the facts and the applicable law and therefore a proper exercise of its discretion." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted).

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge