FILED
United States Court of Appeals
Tenth Circuit

**January 6, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LONGINO CHAVEZ-TORRES,

Defendant-Appellant.

No. 09-2208

(D. of N.M.)

(D.C. No. CR-09-966-JEC)

---

### ORDER AND JUDGMENT[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Defendant-Appellant Longino Chavez-Torres (Chavez) appeals the 30-month sentence imposed after he pleaded guilty to conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846. Chavez argues that the district court abused its discretion in denying his motion for a downward

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

adjustment to bring his sentence into conformity with the sentences given to his co-defendants.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

Chavez and eight co-defendants were arrested in Arizona for attempting to smuggle marijuana into the United States from Mexico. Chavez, a Mexican citizen, had previously been removed from the United States multiple times, and twice in a short period was convicted of illegal entry of an alien, a misdemeanor. None of Chavez's co-defendants had a previous conviction.

Chavez pleaded guilty to the conspiracy charge, which had a base offense level of 26 due to the amount of marijuana involved, roughly 150 kilograms. The presentence report recommended a four-level reduction for Chavez's minimal role in the offense, pursuant to USSG § 3B1.2(a), and a three-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1, resulting in a total offense level of 19. Chavez's previous convictions resulted in a criminal history category of II. The combination of offense level and criminal history resulted in a guidelines sentence range of 33 to 41 months.

During sentencing, Chavez requested a downward departure from criminal history category II to category I, and a further downward variance based on the disparity between Chavez's proposed sentence and those of his co-defendants, who took advantage of the district's "fast-track" program. The district court

granted the criminal history downward departure, agreeing with Chavez that the criminal history category over-represented the seriousness of his criminal history. The district court declined to grant a further variance, and sentenced Chavez to 30 months' imprisonment, the low end of the new guidelines range. Chavez timely appealed.

## II. Discussion

On appeal, we review sentences for reasonableness, using a deferential abuse of discretion standard. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). When, as here, a sentence is within the guidelines range, the reviewing court may employ a rebuttable presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption can be rebutted by showing that the sentence is unreasonable in light of the factors found in 18 U.S.C. § 3553(a). *Kristl*, 437 F.3d at 1054.

Chavez argues his sentence was substantively unreasonable because the district court failed to enter a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth" by Congress in § 3553(a). Chavez relies only on § 3553(a)(6), which emphasizes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Aplt. Br. at 5–7. He cites several cases in which courts granted

a downward variance based on a disparity in sentences among co-defendants found guilty of similar conduct.

Although it may be appropriate for courts in their discretion to grant a downward variance based on sentence disparity among co-defendants, it is not required. Chavez fails to demonstrate why it was an abuse of discretion for the district court to decline to do so in his case. Section 3553(a)(6) concerns disparate sentences given to defendants "with similar records." Chavez's criminal record, while perhaps minimal, is not "similar" in this sense to that of his co-defendants, who had no previous criminal history. Chavez, in contrast, had illegally entered the United States at least five times before his drug smuggling conviction. We have previously held that disparate sentences are permissible when they are warranted by the facts of the particular case. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1223 (10th Cir. 2008). Here, the disparity is easily explained by the differences in criminal history, and therefore the disparity alone does not render Chavez's sentence unreasonable.

The disparity in sentence is further explained by the fact that Chavez's co-defendants were "eligible for the 'fast-track' early disposition program in the District of New Mexico." Aple. Br. at 7 n.5. Due to his criminal history, Chavez was not eligible for this program. Our court has addressed the issue of the sentence disparity resulting from the application of this program to some defendants but not others. We have concluded that the disparities resulting from

-4-

the application of the fast-track program are not "unwarranted," since Congress had provided for these programs without amending the sentencing factors found in § 3553(a).  *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268–69 (10th Cir. 2006).

In sum, the district court imposed a substantively reasonable sentence in this case.

## III.  Conclusion

For the foregoing reasons, we find that the district court did not abuse its discretion in declining to grant a variance based on the disparity of sentences among co-defendants.  We therefore AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge