**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 09-2554


UNITED STATES OF AMERICA

v.

.
KEVIN DWIGHT MCKENZIE a/k/a "ARISTEDE EVANS"


KEVIN DWIGHT MCKENZIE,
Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 09-cr-00046-1)
District Judge: Hon. C. Darnell Jones, II


Submitted pursuant to Third Circuit LAR 34.1(a)
March 8, 2010

Before: McKEE, Chief Judge, BARRY
and GREENBERG, Circuit Judges


(Opinion filed: December 10, 2010)


**OPINION**

McKEE, Chief Judge.

Kevin McKenzie appeals the sentence that was imposed after he pled guilty to illegal reentry after deportation. For the reasons that follow, we will affirm.

## I.[1]

McKenzie makes the following argument on appeal:

> The district court erred in rejecting the defense request for a fast-track disparity variance from the Sentencing Guidelines, because the court's ruling was based in part on the lack of a government motion for a fast-track departure, even though no such motion is required, and because the court applied a burden of proof since rejected by this court

Appellant's Br. at i (internal quotation marks omitted).

After pleading guilty, McKenzie requested a downward departure/variance because the Eastern District of Pennsylvania lacks a fast-track program.[2] He argued that a departure/variance was necessary to avoid sentencing disparity with similarly situated defendants sentenced in fast-track jurisdictions. The transcript of the sentencing hearing belies McKenzie's argument. The district court stated:

> I am likewise acutely sensitive to the arguments in support of departure or variance by [defense] counsel, based upon [a fast-track disparity] . . .
> And while departure may be authorized in this case, if I accepted those arguments, I choose not to depart because I believe departure is not warranted under the circumstances herein, and [McKenzie's] history.

---

[1] Since we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural background.

[2] The function and history of the fast-track program are described in detail in *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 145-46 (3d Cir. 2009), and *United States v. Vargas*, 477 F.3d 94, 98 n. 8 (3d Cir. 2007).

J.A. at 77.  Thereafter, the court did refer to the burden of proof:

> . . . the Court, as indicated, does not believe that a variance [for fast-track disparity] is warranted.  The [Third Circuit] herein, in its pronouncements,[3] [has] indicated that there is no obligation on the trial court's part, to accept the argument of your counsel.  But, nevertheless, I've considered it, against the backdrop of the totality of your circumstances and again, I do not believe that it is justified.  Moreover, I would make, also, reference to the [Tenth] Circuit's *Martinez Trujillo* decision[4] . . . 'upon the Motion of the Government, the Court may depart downward.'  In McKenzie's case, the Government has the authority to file such a Motion, such as Departure, but it has not done so in this case.

J.A. at 79.

---

[3] The court alludes to *Vargas*, 477 F.3d 94, for the proposition that "a court that does not adjust a sentence to compensate for a fast track program, is acting reasonably."  J.A. at 64.  In fact, in *Arrelucea-Zamudio* we took the "opportunity to clarify *Vargas* and expand on [it,] . . . conclud[ing] that, under the logic of *Kimbrough* [*v. United States*, 552 U.S. 85 (2007)], it is within a sentencing judge's discretion to consider a variance from the Guidelines on the basis of fast-track disparity.  *Arrelucea-Zamudio*, 581 F.3d at 143.

[4] In *United States v. Martinez-Trujillo*, the Court of Appeals for the Tenth Circuit rejected an appellant's fast-track argument; in *dicta* the court stated: "the decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney."  468 F.3d 1266, 1269 (10th Cir. 2006) *citing* U.S.S.G. § 5K3.1 ("Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides").

McKenzie asserts that the district court committed reversible error when it "made clear that [it] viewed [its] discretion to grant such a variance as being circumscribed by the requirement . . . [that a variance be granted] only upon the 'motion of the government.'" Appellant's Br. 13. However, given the court's unambiguous statement that the defendant's circumstances did not warrant such an adjustment ("I choose not to depart because I believe departure is not warranted under the circumstances herein"), the subsequent reference to a government motion cannot be interpreted as a statement that the court would have granted a departure had a motion been made, or that any variance/departure was conditioned on the government making an appropriate motion. Rather, the court was merely noting the absence of a motion. However, given the court's appropriately dim view of the defendant's personal circumstances, it is clear that the court did not believe that the requested adjustment in the Guideline range was appropriate.

**II**.

We use a two-step process when reviewing sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we review for significant procedural errors, including "failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 145 (3d Cir. 2009) *quoting Gail*, 552 U.S. at 51. If a sentence is procedurally sound, we review the "substantive reasonableness" of the sentence, *Gall*, 552 U.S. at 51; "[t]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and

4

meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

## III.

In *Arrelucea-Zamudio*, we held that a sentencing court has the "discretion to consider a variance from the Guidelines on the basis of a fast-track disparity" during step three of the *Gunter* sentencing process.[5] 581 F.3d at 143, 148-49. However, we noted that "it is not an abuse of a sentencing judge's discretion to decline to vary" for a fast-track disparity nor is "a sentence . . . *per se* unreasonable because the judge declined to vary" for a fast-track disparity. *Id*. at 148. Thus we have upheld a sentence where the record establishes an exercise of discretion, regardless of whether the variance or departure was granted, and we have remanded for clarification where the record did not clearly indicate whether the court understood its discretion to grant a fast-track adjustment.

Unlike the district court in *Arrelucea-Zamudio*, the district court here presciently exercised its discretion to "accept" a fast-track argument, and "considered it" in light "of the totality of [McKenzie's] circumstances." J.A. at 77, 79. After completing an individualized assessment of the § 3553(a) factors, the court denied any variance or

---

[5] In *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), we established a three-step process for conducting a sentencing hearing: (1) a court must calculate the correct Guidelines sentence; (2) rule on any motions for departure, stating on the record whether the motion was granted and explaining how disposition of any motion affects the calculation; and (3) exercise its discretion by considering the relevant § 3553(a) factors.

departure because of the need to deter deported felons from illegally reentering this country.  J.A. at 70.

The district court "set forth enough to satisfy [us] that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v United States*, 551 U.S. 338, 339 (2007).  Therefore, we find no error.

## IV. CONCLUSION.

Accordingly, the sentence of the district court will be affirmed.