**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HUGO SALAZAR-OROZCO, a/k/a Pedro
Flores-Bravo, a/k/a Daniel Perez-Gomez,

Defendant - Appellant.

No. 10-1565
(D.C. No. 1:10-CR-00332-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Hugo Salazar-Orozco pled guilty, under a plea agreement, to unlawful reentry

after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). At sentencing, the

district court rejected his request for a downward variance to align his sentence with

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

those defendants sentenced in districts with fast-track disposition programs. Although sentences of defendants in such programs are typically more lenient, the district court reasoned Salazar-Orozco's extensive criminal history would make him ineligible for a fast-track disposition even in those districts in which it was available. Therefore, it concluded there was no need to align his sentence with those defendants who could take advantage of such a program. The district court sentenced him to 27 months imprisonment.

According to Salazar-Orozco, sentencing disparities "arising from the lack of 'fast track' programs in some districts can be the basis of a downward variance from the advisory sentencing guideline range."[1] (Appellant's Br. 6.) He requested we postpone our decision until another panel addressed the issue in another pending case. That case has now been decided. *See United States v. Diaz-Devia*, 425 F. App'x 764 (10th Cir.) *cert. denied*, 132 S. Ct. 1585 (2012).[2] The *Diaz-Devia* panel did not answer the question Salazar-Orozco raises here, *see id.*, but another panel did. *United States v. Lopez-Macias*, 661 F.3d 485 (10th Cir. 2011).

In *Lopez-Macias*, we reversed our circuit precedent. *Id.* at 491-92. Our precedent

---

[1] We review sentences for substantive and procedural reasonableness under the abuse of discretion standard. *United States v. Lopez-Macias*, 661 F.3d 485, 488-89 (10th Cir. 2011). A challenge to "the method by which the sentence as calculated," is a challenge to the procedural reasonableness of the sentence. *Id.* at 489. In such cases, "we review the district court's legal conclusions . . . de novo and its factual findings for clear error." *Id.*

[2] Because "[u]npublished decisions are not precedential," we cite this decision for informational purposes only. 10th Cir. R. 32.1(A).

precluded a district court from considering sentencing disparities between fast-track districts and those without fast-track programs. *United States v. Martinez–Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006). The *Lopez-Macias* panel concluded this holding was no longer viable in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).[3] Now "a district court in a non-fast-track district has the discretion to vary from a defendant's applicable guideline range based on fast-track sentence disparities." *Lopez-Macias*, 661 F.3d at 492.

Nevertheless, *Lopez-Macias* is inapplicable here. The district court did not conclude it lacked authority to grant the requested variance. Rather, it refused to adjust Salazar-Orozco's sentence because his criminal history rendered him ineligible for a fast-track program in any event. Salazar-Orozco does not contest that finding nor does he raise in cogent argument any other error. His sentence was procedurally correct and substantially reasonable.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] "In *Kimbrough* . . . the Supreme Court held that a district court had the discretion to vary from the recommended guideline range . . . where the court determined such range was greater than necessary to achieve the sentencing objectives of § 3553(a)." *Lopez-Macias*, 661 F.3d at 489-90. "In other words, because the sentencing guidelines are advisory, district courts have the discretion to vary from those guidelines based on policy disagreements with them." *Id.* at 490.