**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS RODRIGUEZ-GALAVIZ,

Defendant-Appellant.

No. 10-1086

(D. of Colo.)

(D.C. No. 09-CR-453-PAB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, BRORBY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Jesus Rodriguez-Galaviz pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He appeals his conviction and sentence. Rodriguez-Galaviz's counsel, finding no meritorious grounds for an appeal, moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We have jurisdiction under 28 U.S.C. § 1291.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We GRANT counsel's motion to withdraw and DISMISS Rodriguez-Galaviz's appeal.

## I.  Background

Rodriguez-Galaviz was removed from the United States in November 2008 after being convicted of importing and possessing with an intent to distribute a quantity of marijuana greater than 50 kilograms.  In October 2009, he was found to have returned to the United States without consent and charged with illegal reentry in violation of § 1326(a).

At a December 2009 hearing, Rodriguez-Galaviz pleaded guilty to the crimes charged.  The applicable sentencing guidelines range for his offense was 57 to 71 months.  Rodriguez-Galaviz requested a variance through counsel, asserting two grounds for a below-guidelines sentence.  First, he contended Colorado's lack of a "fast track," or early-disposition program for illegal reentry cases, created unwarranted sentencing disparities between those jurisdictions that feature it and those, like Colorado, that do not.  Second, he attacked the soundness of the 16-level enhancement provided by United States Sentencing Guideline (USSG) §2L1.2(b)(1)(A), because that section makes no distinction on the length of the sentence previously imposed or the type and quantity of the drug involved in the prior trafficking conviction.  The district court rejected these contentions and sentenced Rodriguez-Galaviz to 57 months' imprisonment—the lowest sentence within the recommended guideline range.

Following Rodriguez-Galaviz's timely notice of appeal, his counsel filed an *Anders* brief explaining that, after reviewing the record and completing the necessary research, he determined the appeal had no merit. Rodriguez-Galaviz has not filed a response to that brief. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

Under *Anders v. California*, 386 U.S. 738 (1967), defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If counsel makes that determination, he may "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client may also submit arguments to the court in response. We must then fully examine the record "to determine whether defendant's claims are wholly frivolous." *Id.* If we find they are, we may dismiss the appeal.

The only possible bases for Rodriguez-Galaviz's appeal are the district court's decision to accept his guilty plea and the reasonableness of his sentence. Because Rodriguez-Galaviz did not assert any error during his Rule 11 sentencing hearing, nor move to withdraw his guilty plea, we review any challenges to the plea hearing for plain error. *See United States v. Cano-Varela*, 497 F.3d 1122, 1131 (10th Cir. 2007). "To show Rule 11 plain error, a defendant must show

(1) error that (2) is plain which (3) affected his substantial rights and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Having carefully reviewed the record, we conclude the district court did not commit plain error in accepting Rodriguez-Galaviz's guilty plea. At the change of plea hearing, Rodriguez-Galaviz indicated he was alert, was proceeding voluntarily, understood the rights he was waiving by pleading guilty, was not under the influence of any substance, and understood the district court could sentence him as if he had been convicted at trial. The district court also determined the factual basis for the guilty plea and complied with all other requirements of Rule 11. Accordingly, any appeal from the Rule 11 hearing would be wholly frivolous.

We review sentences for procedural and substantive reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). When a defendant is sentenced within a properly-calculated guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness." *Id.* at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *Id.* at 1055. These factors include "the nature and circumstances of the offense[,] the history and characteristics of the defendant[,] the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct[, and] the

need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

Rodriguez-Galaviz's counsel asserts the district court calculated the guidelines range properly and made no procedural errors. We agree, and thus we presume the sentence to be reasonable. We further find the § 3553(a) factors do not provide a basis for rebutting that presumption. While Rodriguez-Galaviz contends the sentencing disparities resulting from the application of fast-track programs in other jurisdictions violates § 3553(a)(6), we previously have held that such disparities are not "unwarranted" within the meaning of § 3553(a)(6) because they were specifically authorized by Congress via statute. *See United States v. Martinez-Trujillo*, 468 F.3d 1266, 1269 (10th Cir. 2006).

Although the district court had discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to grant a variance in light of the absence of a fast-track program, it declined to do so for two reasons. First, after considering Rodriguez-Galaviz's criminal record, it found no evidence that he would qualify for a fast-track sentence. Second, the court concluded that "trying to sentence based upon fast track disparities would simply have the effect of creating unwarranted sentencing disparities throughout the country, or at least . . . in Colorado." R., Vol 2 at 41. The court also disagreed with Rodriguez-Galaviz that the 16-level boost for a prior drug-trafficking offense under USSG §2L1.2(b)(1)(A) was unsound. Nothing in the record indicates the district court's

sentencing determination was procedurally unreasonable for failure to consider the § 3553(a) factors.

In his *Anders* brief, Rodriguez-Galaviz's counsel notes the district court, in considering whether his client would have been eligible for a fast-track program if one existed in the District of Colorado, may have allocated an evidentiary burden to the defense that should have been shouldered by the government. Because no objection was raised after the district court announced its ruling, our standard of review is for plain error. *See United States v. Lopez- Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006).

Rodriguez-Galaviz cannot satisfy either the second or third prongs of the plain error test. With regard to the second prong, an error is not plain unless it is clear or obvious at the time of appeal. *Johnson v. United States*, 520 U.S. 461, 468 (1997). Because neither we nor the Supreme Court have ruled on this issue, and because the Third Circuit, in *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 156–57 (3rd. Cir. 2009), is the only circuit court to have done so, Rodriguez-Galaviz cannot establish that any error by the district court was clear or obvious.

Neither can he satisfy the third prong, which "usually means that the error must have affected the outcome of the district court proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). Rodriguez-Galaviz contends, if only the district court had properly allocated the burden of proof, the

-6-

government would have been unable to disprove his eligibility for fast track and therefore the district court would have granted the variance, despite its expressed reservations about creating a sentencing disparity within Colorado. But this claim is too speculative to satisfy plain error review. *See id* at 739–40 (Tacha, J., concurring) ("[S]peculation about a possible lighter sentence cannot satisfy the third prong of plain error."). Therefore, we cannot find plain error on this issue.

In sum, we find no plain error in the district court's acceptance of Rodriguez-Galaviz's guilty plea. And because we see no procedural or substantive error in Rodriguez-Galaviz's sentence, we conclude it is reasonable.

### III. Conclusion

We conclude no meritorious appellate issue exists. Accordingly, we GRANT counsel's motion to withdraw and DISMISS Rodriguez-Galaviz's appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-7-